UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

**CLAUDIA RISNER**, an individual,

    Plaintiff,

-vs-                                      CIVIL CASE NO.

                                              U.S. DISTRICT JUDGE:

**MIDLAND CREDIT MANAGEMENT, INC.**, a Kansas for profit corporation,

    Defendant.

_____/

## COMPLAINT

The Complaint of CLAUDIA RISNER by her attorney, Daniel P. Finley, is as follows:

## INTRODUCTION

1. This is an action for damages and declaratory relief, by an individual consumer against a debt collector for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251 et seq., and Article 9 of the Michigan Occupational Code, M.C.L. § 339.901 et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. As Plaintiff is and was a resident of Grass Lake, MI (Jackson County) at the time of the conduct that gave rise to this cause, jurisdiction of this Court arises, *inter alia,* under U.S. Const., Art. III; 15 U.S.C. §1692k(d) of the FDCPA; 28 U.S.C. §1331 (federal question);

1

28 U.S.C. §1367 (Supplemental jurisdiction over closely-related state law claims); and under 28 U.S.C. §2201 (declaratory relief to declare violations of the FDCPA and MCPA). Venue in this judicial district is proper because the conduct or collection activities at-issue took place in, Grass Lake, MI (Jackson County).

3. This Court also has jurisdiction of the subject matter of this lawsuit pursuant to 15 U.S.C. §1681p.

## PARTIES

4. Plaintiff CLAUDIA RISNER ("MS. RISNER") is a natural person presently and at all relevant times of this lawsuit residing in the State of Michigan, County of Jackson, City of Grass Lake.

5. Attached as **Exhibit 1**, is a copy of the Jackson County GIS showing Plaintiff's home to be located in Jackson County, Michigan.

6. MS. RISNER is a "consumer" within the meaning of the FDCPA, 15 U.S.C. §1692 et seq.

7. MS. RISNER is a "person" as that term is defined and used in the MCPA, MCL §445.251 et seq., and in MCL §339.901 et seq.

8. Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MIDLAND") is a Kansas for profit corporation, registered in Michigan as a foreign for profit corporation, MI State id no. 801057446, with a registered office located at 320 East Big Beaver, Ste 300, Troy, MI 48083.

9. Defendant MIDLAND frequently sues to collect debts in Michigan Courts.

10. Defendant MIDLAND'S in house counsel are collection attorneys.

11. MIDLAND at all relevant times of this lawsuit is and was a "debt collector" within the meaning of the FDCPA, 15 U.S.C. §1692 et seq.

12. MIDLAND at all relevant times of this lawsuit is and was a "regulated person" within the meaning of MCPA, MCL § 445.251 et seq.

13. Alternatively, MIDLAND at all relevant times of this lawsuit is and was a "collection agency" and a "licensee", as these terms are defined and used in MCL § 339.901 et seq.

## GENERAL OR COMMON ALLEGATIONS

14. On February 18, 2021, Defendant MIDLAND filed a lawsuit against MS. RISNER in the State of Michigan's 14A4 District Court, located in Saline, Michigan, and assigned civil case number 21 – 214C0196 – GC.

**-[Exhibit 2: collection case details]-**

15. Defendant MIDLAND knew that MS. RISNER was a residence of Grass Lake, MI (Jackson County) when it sued her because her address is reflected on its Summons.

**-[Exhibit 3: collection case Summons]-**

16. Per the Michigan statutes, being MCL 600.1621, .8312 et al., regarding the geographical jurisdiction of the Michigan State district courts, the 12th District Court, located in Jackson, MI, would have been the proper venue under the FDCPA to file the collection

3

suit against MS. RISNER.

17. Counsel for MS. RISNER raised this issue several times, including in her Answer, communication with the collection attorneys, a demand to sign a stipulation and Order to transfer the case, and a Pretrial Statement.

-[Exhibit 4: Answer, page 1]-

-[Exhibit 5: May 27, 2021 demand to transfer venue]-

-[Exhibit 6: 6/14/2021 Pretrial Statement]-

18. The collection attorneys have ignored the issue and continued with the litigation in the wrong Court, including the filing of a pretrial statement.

19. The remedial purpose of the FDCPA, *inter alia,* is to protect the debtor from inconvenient and distant forums.

20. Section 811 of the FDCPA, found at 15 U.S.C. § 1692i, legal actions by debt collector, at sub-part (2), clearly states that there are only two districts where suit may be brought by a debt collector on a debt – where the consumer "signed the contract sued upon" or where the consumer "resides at the commencement of the action". The FDCPA prohibits a debt collector from filing suit on a debt in an inconvenient forum. *Asset Acceptance Corp. v. Robinson*, 625 N.W.2d 804 (Mich App 2001).

21. The term "judicial district" as applied to state-court debt collection actions, is defined in accordance with the judicial system of the state in which the debt collection action is brought. *Hess v. Cohen & Slamowitz L.L.P.,* 637 F.3d 117, 121-125 (2d Cir 2011); *Dutton v. Wolhar,* 809 F. Supp. 1130 (D. Del. 1992), *aff'd,* 5 F.3d 649 (3rd Cir 1993).

22. When suit is filed in state court, the state court geographical boundaries, rather than federal districts, are determinative of appropriate venue. *Fox v. Citicorp Credit Servs., Inc.*, 15 F3d 1507 (9th Cir 1994); *Nichols v. Byrd*, 435 F. Supp 2d 1101 (D. Nev. 2006).

23. The FDCPA "preempts state law for venue purposes" and is a strict liability statute. *Holton v. Huff,* 2012 WL 1354024 (M.D. Pa. Apr. 16, 2012).

24. 15 USC 1692i "has the effect of invalidating any forum-selection clause that the parties to a debt contract might agree to" *In re Barnes*, 397 B.R. 149 (Bankr. N.D. Ala. 2008); and see *Brown v. Federated Capital Corp.*, 991 F. Supp. 2d 857, (S.D. Tex. 2014) (reasoning that to use the venue selection clause that gave rise to the misconduct in the first place only rewards the violation of federal law and frustrates the Congress's policies).

25. As an actual and proximate result of the acts, conduct and/or omissions of Defendants, MS. RISNER has suffered economic damages, and non-economic damages, including, *inter alia,* emotional distress, mental anguish, and/or disturbance of mental tranquility, and is suffering for which should be compensated in an amount to be established by a trier of fact at a trial in this matter.

**COUNT 1 – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

26. MS. RISNER re-alleges and incorporates by reference all of the above paragraphs.

27. By virtue of the foregoing facts, and in its attempts to collect the alleged debt from MS. RISNER, the Defendant has committed violations of the Fair Debt Collection Practices

Act, 15 U.S.C. §1692 et seq., including, *inter alia,* the following:

   a. Where debt collector brought legal action on a debt against consumer, failure to bring such action only in the judicial district or similar legal entity: (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action. 15 U.S.C. § 1692i;

   b. Using any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e (8);

   c. Using unfair and unconscionable means to collect or attempt to collect a debt. 15 U.S.C. §1692f; and,

   d. Engaging in harassing, oppressive or abusive conduct. 15 U.S.C. §1692d.

## COUNT 2 –VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT, MCL §445.251 et seq.

28. MS. RISNER re-alleges and incorporates by reference all of the above paragraphs.

29. As noted previously, this Court has supplemental jurisdiction, as set forth in 28 U.S.C. §1367, to hear state law claims closely related to MS. RISNER'S FDCPA claim, and the evidence on both claims are the same.

30. By virtue of the foregoing facts, Defendant violated the Michigan Collection Practices Act, including unfair and deceptive collection practices, and by failing to implement a procedure designed to prevent a violation by an employee.

## COUNT 3 – VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE, MCL §339.901 et. seq.

31. MS. RISNER re-alleges and incorporates by reference all of the above paragraphs.

32. As noted previously, this Court has supplemental jurisdiction, as set forth in 28 U.S.C. §1367, to hear state law claims closely related to MS. RISNER'S FDCPA claim, and the evidence on both claims are the same.

33. Defendant MIDLAND is a collection agency within the meaning of MCL 339.901(b).

34. By virtue of the foregoing facts, Defendant violated the Michigan Occupational Code, including unfair and deceptive collection practices and by failing to implement a procedure designed to prevent a violation by an employee.

### Prayer for Relief

**WHEREFORE,** Plaintiff CLAUDIA RISNER respectfully requests that judgment be entered for Plaintiff and against Defendant MIDLAND, providing for the following relief:

A. Damages pursuant to 15 U.S.C. §1692k, MCL §445.257, and MCL §339.916, including actual damages, statutory damages, and reasonable attorney fees.

B. Such other and further relief as may be just and proper.

Date: June 18, 2021          By: */s/ Daniel P. Finley*

                                             Daniel P. Finley (P-65454)
                                             300 North Main Street, Suite 6
                                             Chelsea, MI 48118
                                             Ph. (734) 475-4659
                                             email: dpfinleyesq@comcast.net